**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

Southwire Company, et al.
    Plaintiffs,

       v.                                **Civil No. 03-1100 (GAG)**

Ramallo Bros. Printing, et al.,
    Defendants.

**OPINION AND ORDER**

This matter is before the court on defendant's motion to dismiss plaintiffs' third amended complaint (Docket No. 160). This action was brought by plaintiffs, Southwire Company, Southwire International Corporation, and Heptagon, Limited (jointly hereinafter "Southwire") against Ramallo Brothers Printing Inc., Ramallo Screws and Bolts, Inc., Ramallo Casting Inc., amongst others (hereinafter "defendants"), and arises out of contamination discovered on Southwire's property.

For more than a decade, defendants allegedly conducted illegal waste disposal activities on Southwire property in Canovanas, Puerto Rico. See Docket No. 150, ¶¶ 20, 30. Once Southwire discovered the contamination, it voluntarily undertook an investigation into the nature and extent of the contamination. Id. at ¶¶ 32-35. The investigation revealed that the soil and groundwater under the property were contaminated with solvents and heavy materials. Id. Defendants were given notice. Id. at ¶ 40. Given the situation, the U.S. Environmental Protection Agency ("EPA") determined that the conditions of the property constituted an actual or threatened release of hazardous substances from defendants' facility. Id. at ¶ 42. Southwire and the EPA entered into an "Administrative Order on Consent" ("AOC") in order to execute a clean-up plan. Id. Southwire brought forth the action against defendants to recoup cleanup costs incurred.

In ruling upon a motion to dismiss, the court must apply the notice pleading requirements set forth under Fed.R.Civ.P. 8(a)(2). Under this rule, the complaint need only include a short and plain statement of the claim showing that the pleader is entitled to relief. See Rivera v. Rhode Island, 402 F.3s 27, 33 (1st Cir. 2005). The court must take the allegations in the plaintiff's pleadings as true and must make all reasonable inferences in favor of the plaintiff. Id. at 33.

**Civil No. 03-1100 (GAG)** 2

In this case, plaintiffs' third amended complaint is sufficiently well-pled as to pass 12(b)(6) muster. First, defendants allege that plaintiffs lack a cause of action under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA") because Southwire was not sued as a result of the contamination and because Southwire did not enter into a proper AOC as required by the statute. In the light most favorable to plaintiff, a review of the complaint and the documents attached to the motion[1] reveal that plaintiffs have sufficiently laid out a case under the CERCLA provisions listed in the complaint – specifically, 42 U.S.C. §§ 9613 (f)(1), 9613 (f)(3)(B), 9613 (g)(2), 9607(a)(2), 9607(a)(3), and 9607 (a)(4)(B). See Docket No. 150, ¶¶ 53-58, 61-64.

Second, defendants also argue that plaintiffs lack a cause of action under the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972. Specifically, defendants argue that Southwire is not entitled to any injunctive relief under the statute. However, the definitions in the statute do not preclude Southwire's claims as addressed in their complaint. See Docket No. 150, ¶¶ 66-73.

Finally, defendants argue that Southwire's sixth cause of action for tort should be dismissed. The court agrees. On August 24, 2005, the court issued an order and partial judgment dismissing Southwire's tort claim contained in the fifth cause of action of the second amended complaint. See Docket No. 112. The two causes of action are analogous. See Docket No. 37, ¶¶ 80-84 & Docket No. 150, ¶¶ 86-90. Therefore, Southwire's sixth cause of action in its third amended complaint is stricken.

Thus, for the foregoing reasons, defendants' motion to dismiss is **DENIED** (Docket No. 160), and Southwire's Sixth Cause of Action is stricken from the third amended complaint as it has already been ruled on.

**SO ORDERED.**

In San Juan, Puerto Rico this 22nd day of December 2006.

---

[1] The documents attached to the motion are within the exceptions for a motion to dismiss. See Watterson v. Page, 987 F.2d 1, 3 (1993) (finding that the exceptions include documents the authenticity of which are not disputed by the parties; documents that are official public records; documents central to plaintiffs' claim; or documents sufficiently referred to in the complaint).

**Civil No. 03-1100 (GAG)**					3

*S/ Gustavo A. Gelpi*

GUSTAVO A. GELPI
United States District Judge