IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**SOUTHWIRE COMPANY, et al.,**

    **Plaintiffs,**

    **v.**                                        Civil No. 03-1100 (GAG/MBB)

**RAMALLO BROTHERS PRINTING, INC., et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Presently before the court is Ramallo Brothers Printing's motion (Docket No. 498) requesting the disqualification of the plaintiffs' counsel, on which the court has been throughly briefed by both sides (see Docket Nos. 505, 517, 533, 537, 544, 548, 549). For the reasons stated herein, the court **DENIES** Ramallo's motion (Docket No. 498).

A motion to disqualify an attorney is an accepted and adequate way for a litigant to bring a potential conflict of interest to the court's attention. See Reyes Canada v. Rey Hernandez, 193 F. Supp. 2d 409, 411 (D.P.R. 2002). Courts, however, should be cautious in analyzing a disqualification motion because they are often used for strategic purposes. See Somascan Plaza, Inc. v. Siemens Medical Systems, 187 F.R.D. 34, 37 (D.P.R. 1999) (citations omitted). Further, disqualifying a "party's chosen attorney is a serious matter which could not be supported by the mere possibility of a conflict." Estrada v. Cabrera, 632 F. Supp. 1174, 1175 (D.P.R. 1986) (citing Richmond Hilton Assoc. v. City of Richmond, 690 F.2d 1086, 1089 (4th Cir.1982)). Thus, courts must balance a client's right to be represented by an attorney of their choice and the integrity of the legal system. See Kevlik v. Goldstein, 724 F.2d 844, 850 (1st Cir. 1984); Polyagro Plastics, Inc. v. Cincinnati Milacron, Inc., 903 F. Supp. 253, 256 (D.P.R. 1995).

Defendants argue that plaintiff's legal representation, the law firm of O'Neill & Borges ("O&B"), should be held to be in violation of the attorney-client priviledge and disqualified because in March 2008 they hired attorney Ms. Walewska Watkins ("Watkins"), who had previously worked

**Civil No. 03-1100 (GAG/CVR)**                    2

with the law firm John F. Nevares & Associates ("Nevares & Associates") while the same was providing legal services to the defendants in the instant ligitation.

Rule 1.9(a) of the Model Rules of Professional Conduct provides:

> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

In turn, Rule 1.10(a), cited by the defendants, states that "[w]hile lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7 or 1.9, unless the prohibition is based on a personal interest of the prohibited lawyer and does not present a significant risk of materially limiting the representation of the client by the remaining lawyers in the firm."  The defendants contend that because Watkins worked on matters related to this case while at Nevares & Associates in representation of Ramallo's interests, under Rule 1.10(a) the firm was prohibited, upon hiring Watkins, from representing Southwire in the same litigation.  This result, argue the defendants, might only be avoided if the former client who's interests are affected gives informed consent in writing, under Rule 1.10(c), which has not, and will not, happen in this case.

Plaintiffs counter by arguing that the applicable rule regarding the imputation of conflicts of interest is Rule 1.10(a) as amended by the ABA's House of Delegates in Resolution 109, on February 16, 2009, which expressly permits the use of screening procedures to avoid the imputation of conflicts of interest:

> (a) While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7 or 1.9, unless . . .
>
>  (2) the prohibition is based upon Rule 1.9(a) or (b) and arises out of the disqualified lawyer's association with a prior firm, and
>
>> (i) the disqualified lawyer is timely screened from any participation in the matter and is apportioned no part of the fee therefrom;
>>
>> (ii) written notice is promptly given to any affected former client to enable the former client to ascertain compliance with the provisions of this Rule, which shall include a description of the screening procedures employed; a statement of the firm's and of the screened lawyer's compliance with these Rules; a statement that review may be available before a tribunal; and an agreement by the firm to

> respond promptly to any written inquiries or objections by the former client about the screening procedures; and
>
> (iii) certifications of compliance with these Rules and with the screening procedures are provided to the former client by the screened lawyer and by a partner of the firm, at reasonable intervals upon the former client's written request and upon termination of the screening procedures.

O&B contends that, upon hiring Watkins, it implemented what is commonly referred to as a "Chinese Wall" in order to isolate Watkins from the Southwire case, because they knew that her previous law firm had handled the instant case during the time that she worked there. They aver that, even though Watkins acquired confidential information while at Nevares & Associates regarding this case, they implemented appropriate screening procedures to insulate the office from the appearance of impropriaty. Therefore, disqualification is uncalled for. Counsel for Ramallo vigorously argues against the applicability of the amendment to Rule 1.10(a) in the instant case, and that screening procedures cannot be used to save a hiring firm from the imputation of a conflict of interest in a case such as this. Alternatively, they argue against the adequacy of O&B's screening procedures.

After reviewing all of the parties' arguments and the applicable case law, it is the court's understanding that it need not delve into those issues. The court is persuaded by Southwire's argument that, under Rule 1.10(b) of the Model Rules of Professional Conduct, the fact that Ms. Watkins is no longer working at O&B disposes of this matter entirely. Rule 1.10(b) provides that

> When a lawyer has terminated an association with a firm, the firm is not prohibited from thereafter representing a person with interests materially adverse to those of a client represented by the formerly associated lawyer and not currently represented by the firm, unless:
>
> (1) the matter is the same or substantially related to that in which the formerly associated lawyer represented the client; and
>
> (2) any lawyer remaining in the firm has information protected by Rules 1.6 and 1.9(c) that is material to the matter.[1]

---

[1] The court notes that this portion of Rule 1.10 remained intact after the ABA's amendment of February 16, 2009.

**Civil No. 03-1100 (GAG/CVR)**               4

Because Watkins left the firm in March 2009, unless the movants here proved that Wakins *in fact* shared protected information gleened from her previous employment at Nevares & Associates with her co-workers at O&B while she still worked there, Rule 1.10(b) lifts any prohibition that previously could apply through the imputation of a conflict of interest.  At the evidentiary hearing, the court gave credence to the testimony of all O&B witnesses, that no one at O&B had spoken to Ms. Watkins about the case at hand, except in regards to the screening procedures.  In fact, the court stated that it had no reason to believe that Watkins had affirmatively transmitted any information to anyone at O&B, so that those facts were not in dispute.  (See Tr. of Motion Hearing at 27-28.)  Moreover, the court noted that Ramallo had failed to provide any objective evidence to refute the allegation that no confidences were in fact exchanged with O&B attorneys or personnel.  (See Tr. of Motion Hearing at 17-18.)  Given this factual background, the court must conclude that, under Rule 1.10(b), O&B is now free to represent Southwire.

For the aforementioned reasons, the motion for disqualification (Docket No. 498) is **DENIED**.

**SO ORDERED.**

In San Juan, Puerto Rico this 19th day of October, 2009.

*S/Gustavo A. Gelpí*

GUSTAVO A. GELPI
United States District Judge